IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERMAINE RODGERS,

      Plaintiff,               No. 2:09-cv-0733 WBS JFM (PC)

     vs.

HENDERSON,

      Defendant.         FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.

        On March 17, 2009, plaintiff filed a complaint in which his sole allegation was that his television had been damaged by an officer and prison official.  On May 1, 2009, plaintiff's complaint was dismissed and plaintiff was granted leave to file an amended complaint. Plaintiff was cautioned that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,

3   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

5   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

6           On May 8, 2009, plaintiff filed a document purporting to be an amended

7   complaint, but which fails to name a defendant or set forth any constitutional violation. Plaintiff

8   also has not demonstrated that the damage to his television was authorized. Accordingly,

9   plaintiff's complaint should be dismissed for failure to state a cognizable § 1983 claim.

10          IT IS HEREBY RECOMMENDED that this action be dismissed.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

13  days after being served with these findings and recommendations, plaintiff may file written

14  objections with the court. The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

17  F.2d 1153 (9th Cir. 1991).

18  DATED: May 28, 2009.

19

20                                              _____
                                                UNITED STATES MAGISTRATE JUDGE
21

22  /001; rodg0733.56

23

24

25

26

                                                2