IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERMANE RODGERS,

    Plaintiff,                    No. 2:09-cv-0733 JFM (PC)

    vs.

HENDERSON,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. On July 1, 2009, the instant action was dismissed. On July 6, 2009, plaintiff filed a request to add a claim back into the complaint. Plaintiff states that the findings and recommendations only referenced plaintiff's television and did not address return of plaintiff's other personal property, i.e., his cosmetics. However, in this court's May 1, 2009 order, plaintiff was advised that:

> The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see also</u>

1

1    Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. The court concludes that this claim must, therefore, be dismissed as frivolous. See 28 U.S.C. § 1915(d).

(May 1, 2009 Order at 3.) The same rationale applies to plaintiff's personal property items. Unauthorized deprivations of personal property are not the proper subject of federal civil rights litigation.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 6, 2009 request is denied.

DATED: July 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; rodg0733.dn

2